PER CURIAM.
The United States Court of Appeals, Eleventh Circuit, has certified to us this question of law: “Whether a settlement agreement between an insurer and a beneficiary for an amount less than that due under the policy constitutes payment ‘in accordance with the terms of the policy’ under Ala.Code § 27-14-24 (1975) and/or ‘payment according to the terms of its [the insurer’s] policy’ under Ala.Code § 43-8-253(f) (1975)?” We answer the question “no.”
The facts, as set forth by the Court of Appeals, are as follows:
“On February 13, 1985, New York Life Insurance Company (‘New York Life’) issued a policy of life insurance to Dana Hart. [Dana Hart was the owner of the policy and the insured thereunder.] The policy was for $150,000, with an additional $150,000 in coverage in ease of accidental death. The beneficiary was Dana’s husband, Eddie Hart.
“In March of 1985 the body of Dana Hart was found and it was determined that she had died of stab wounds. New York Life has admitted that this death constituted accidental death for purposes of the policy.
“In April of that year, Eddie Hart made a claim for recovery of the total $300,000 under the policy. New York Life denied the request. New York Life asserted, among other things, that 1) Dana Hart had failed to disclose prior medical problems on her application, and 2) Eddie was a suspect in Dana’s murder.
“Throughout the ensuing months, New York Life investigated the possibility that Eddie had murdered his wife. The Alabama Bureau of Investigation was also investigating the murder. In August of 1985 New York Life learned that a grand jury had failed to issue an indictment against Eddie Hart.
“In October of 1985 Eddie Hart filed suit against New York Life claiming, inter alia, the proceeds from the policy. In March of 1986 New York Life and Eddie Hart settled the lawsuit. By the terms of the settlement, [New York Life] paid $80,000 to Eddie Hart, and Eddie Hart released [New York Life] from liability under the policy.
“Fourteen months later Eddie Hart was indicted by a grand jury for the murder of his wife. He was subsequently convicted of manslaughter; his co-conspirator was convicted of murder.
“In April of 1988, [Douglas Pouncey, as administrator of the estate of Dana Hart (‘the Estate’) ] sent written notice to New York Life of a claim for the proceeds under the policy of Dana Hart. [New York Life] filed a declaratory [judgment] action in federal district court in order to determine the rights and obligations between it and [the] Estate.
“The district court granted summary judgment in favor of [New York Life]. Relying on an interpretation of sections 43-8-253 and 27-14-24 of the Code of Alabama, it concluded that New York Life had paid according to the terms of the policy, that such payment was prior to the determination that the beneficiary (Eddie) was guilty of manslaughter and prior to written notice of a claim by any third parties, and, therefore, that New York Life was exempt from any obligation to the estate. Ala.Code § 43 — 8—253(f) (1975).”
Within the narrow confines of the certified question, we are asked whether Ala. Code 1975, §§ 27-14-24 and 43-8-253(f), under the facts as stated, entitled New York Life to a judgment as a matter of law. The pertinent provisions of the two *435 statutes relied on by the federal district court are:
§ 27-14-24:
“Whenever the proceeds of, or payments under, a life or disability insurance policy or annuity contract, heretofore or hereafter issued, become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with any written assignment thereof, the person then designated in the policy or contract, or by such assignment, as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor; and such payments shall fully discharge the insurer from all claims under the policy or contract, unless, before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.” (Emphasis added.)
§ 43-8-253:
“(f) ... Any insurance company, bank, or other obligor making payment according to the terms of its policy or obligation is not liable by reason of this section unless prior to payment it has received at its home office or principal address written notice of a claim under this section.” (Emphasis added.)
The phrases “in accordance with the terms of the policy” in § 27-14-24 and “according to the terms of [the] policy” in § 43-8-253(f) are not ambiguous and require a literal interpretation. In the context used by the Legislature, they mean in “agreement” with or “consistent” with the terms of the policy. See The American Heritage Dictionary of the English Language (1969), defining “accord,” “accordance,” “agree,” and “consistent.” New York Life takes the position that it entered into a good faith settlement agreement with Eddie Hart; that no other claims under the policy had been filed with it at the time that the $80,000 payment was made to Hart; and, therefore, that §§ 27-14-24 and 43-8-253(f) protect it from any further liability under the policy. Qn the other hand, the Estate argues that New York Life’s settlement of Eddie Hart’s lawsuit and its subsequent payment to him of an amount less than the face amount of the policy did not constitute payment “in accordance with the terms of the policy” under § 27-14-24 or “payment according to the terms of [the] policy” under § 43 — 8—253(f), so as to invoke the protection of either of those statutes.
We agree with the Estate that neither of the two cited statutes provided New York Life with a defense to the Estate’s claim as a matter of law. These statutes were intended to protect the insurer (or other obli-gors) against the risk of double payment if it made full payment (i.e., the full value of the policy according to its terms) under specified conditions. While arguably the conditions for payment had been met (payment to the named beneficiary before notice of a claim by some other person), the payment was not according to the terms of the policy.
We think it is appropriate to point out that our negative answer to the certified question does not answer the ultimate question on the merits of the case: whether its payment of $80,000 to Eddie Hart discharged New York Life from further liability under the policy to the Estate. The inapplicability of the two statutes erroneously relied upon by the federal district court does not of itself foreclose otherwise applicable legal theories that may be asserted in defense of the Estate’s claim, nor does it limit the Estate’s theory of its claim. Our response is not to be construed as an expression of any opinion beyond the confines of the certified question.
QUESTION ANSWERED.
MADDOX, JONES, ALMON, HOUSTON, STEAGALL and KENNEDY, JJ., concur.